People v Singleton-Pradia (2021 NY Slip Op 03781)





People v Singleton-pradia


2021 NY Slip Op 03781


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


1144 KA 17-00128

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRENDYN J. SINGLETON-PRADIA, ALSO KNOWN AS BRENDYN SINGLETON, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered February 10, 2015. The appeal was held by this Court by order entered March 15, 2019, decision was reserved and the matter was remitted to Supreme Court, Monroe County, for further proceedings (170 AD3d 1520 [4th Dept 2019]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]). We previously held the case, reserved decision, and remitted the matter to Supreme Court to make and state for the record a determination whether to adjudicate defendant a youthful offender (People v Singleton-Pradia, 170 AD3d 1520, 1521 [4th Dept 2019]), inasmuch as such a determination is required "even where the defendant . . . agrees to forgo it as part of a plea bargain" (People v Rudolph, 21 NY3d 497, 501 [2013]). Upon remittal, the court declined to adjudicate defendant a youthful offender. Contrary to defendant's contention, we conclude that the court did not abuse its discretion in denying him youthful offender status (see People v McCall, 177 AD3d 1395, 1396 [4th Dept 2019], lv denied 34 NY3d 1130 [2020]), and we decline to exercise our interest of justice jurisdiction to adjudicate defendant a youthful offender (see id.; cf. People v Keith B.J., 158 AD3d 1160, 1161 [4th Dept 2018]).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court